UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN J. TULLIS,

    Petitioner,

v.                                                      Case No. 8:07-cv-437-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

Tullis's petition for the writ of habeas corpus was denied on the merits. Because jurists of reason would not fairly debate whether the petition states a valid claim of the denial of a constitutional right, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed in forma pauperis on appeal is **DENIED**. Tullis must pay the full $455 appellate filing fee without installments unless the circuit court allows Tullis to proceed in forma pauperis.

ORDERED in Tampa, Florida, on August 4, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE